**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADAM EUGENE MARTIN,** | : |
| Petitioner | : CIVIL ACTION NO. 3:11-0837 |
| v. | :    (CAPUTO, D.J.) |
|  |     (MANNION, M.J.) |
| **WARDEN MARTINEZ,** | : |
| Respondent | : |

### REPORT AND RECOMMENDATION[1]

On May 3, 2011, the petitioner, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, (Doc. No. 1), along with a motion for leave to proceed in forma pauperis, (Doc. No. 2). On May 19, 2011, an administrative order was issued in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999). (Doc. No. 4). The petitioner filed his notice of election on June 1, 2011, in which he indicates that he wishes to proceed with the instant action as filed, (i.e., as a §2241 petition). (Doc. No. 5). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as made applicable to §2241 cases by Rule 1 thereof. See 28 U.S.C.foll. §2254.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Upon review of the instant petition, the petitioner is challenging his 2004 convictions in the United States District Court for the Western District of Texas on bank robbery charges. He is currently serving eight concurrent life sentences on those convictions. The petitioner filed a direct appeal of the judgment of conviction in the United States Court of Appeals for the Fifth Circuit which was affirmed by decision dated December 2, 2005. United States v. Martin, 431 F.3d 846 (5th Cir. 2005). A petition for writ of certiorari was denied by the United States Supreme Court on April 3, 2006. Martin v. United States, 547 U.S. 1059 (2006).

The petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255, which was denied by the trial court on May 24, 2006. See Martin v. Outlaw, 2007 WL 1138830 (E.D.Tex.).

The petitioner then filed a petition for writ of habeas corpus pursuant to §2241 in the Eastern District of Texas in which he asserted that he was unlawfully confined because the federal government did not have a waiver of jurisdiction from the state and he was, therefore, innocent. Martin v. Outlaw, supra. By memorandum order dated April 17, 2007, that petition was dismissed as having been inappropriately brought pursuant to §2241. Id.

The petitioner proceeded to file a second §2241 petition in the United States District Court for the Northern District of West Virginia on January 26, 2009, in which he claimed: (1) the government withheld exculpatory DNA

evidence, violating his 5th, 6th, and 8th amendment rights and that he was innocent of all charges; (2) the FBI requested his arrest until completion of the federal investigation, violating his 5th, 6th, and 8th amendment rights and his right to due process; and (3) the government violated Title 18 U.S.C. §3000 by withholding DNA tests done by a state lab in violation of his right to due process. Martin v. Cross, 2009 WL 1034497 (N.D.W.Va.). By order dated April 16, 2009, the second petition was also dismissed as inappropriately being brought pursuant to §2241. Id.

On an unspecified date, the petitioner sought DNA testing in the district court which was denied. The petitioner moved to proceed in forma pauperis in the Fifth Circuit. The Fifth Circuit denied the petitioner's request to proceed in forma pauperis and dismissed the appeal as frivolous noting that the evidence of the petitioner's guilt was overwhelming and included testimony from the petitioner's co-defendants regarding his participation in the robberies, as well as letters written by the petitioner that amounted to a confession. The court further found that the petitioner had made no attempt to explain how DNA testing would raise a reasonable probability that he did not commit the bank robbery offense so as to satisfy the requirements of 18 U.S.C. §3600. United States v. Martin, 377 Fed.Appx. 395 (2010). The petitioner filed a petition for writ of certiorari which was denied by the United States Supreme Court on October 4, 2010. Martin v. United States, 131 S.Ct.

357 (2010).

On May 3, 2011, the petitioner filed the instant habeas petition in which he argues that he can establish that he is actually innocent pursuant to the provisions of Schlup v. Delo, 513 U.S. 298 (1995). In support of his contention, the petitioner argues that he was subjected to double jeopardy in that he was originally indicted and held by the State of Texas on charges of robbing the Surety Bank in New Braunfels, Texas, but that the state charges were dismissed when he was subsequently indicted on federal charges in relation to the robberies. The petitioner argues that the FBI asked the State to charge and detain him pending completion of their investigation and that the state charges were therefore a "sham." The petitioner argues that the "reckless FBI investigation" led to his illegal detention.

In addition to the double jeopardy claim, the petitioner argues, without more, that the government openly threatened the petitioner and his brother; used tainted witnesses to obtain his conviction; and withheld three pieces of exculpatory evidence which violated his right to due process.

In considering the instant action, a federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v.

United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) ); see Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to §2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see Okereke, 417 F.3d at 120 ("[ Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

    In order to be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or

---

[2]Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like §2241, is a species of habeas corpus. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953) ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. See Brown v. Mendez, 167 F.Supp.2d 723, 726–27 (M.D.Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.;

Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. In re Vial, 115 F.3d 1192 (4th Cir. 1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002).

     The petitioner is well aware of the above requirements, as he has been informed of such in his two previously filed §2241 cases. As in those cases, in this case, there is nothing to indicate that he is entitled to proceed pursuant to §2241 in connection with §2255's savings clause. He has not shown that he was convicted of a non-existent offense, nor has he shown that §2255 is inadequate or ineffective to test the legality of his sentence. The fact that he may no longer able to utilize §2255 as an avenue of relief is of no consequence.

7

Moreover, to the extent that the petitioner argues that he is actually innocent in accordance with the provisions of Schlup, in order to establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting Schlup, 513 U.S. at 327-328). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner must show "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. This standard "is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (quoting Schlup, 513 U.S. at 327). "[C]laims of actual innocence are rarely successful," and "in virtually every case, the allegation of actual innocence has been summarily rejected." Schlup, 513 U.S. at 324 (citation omitted). In this case, the petitioner has failed to provide any "new reliable evidence" demonstrating his factual innocence and, in fact, has failed to meet the "demanding" standard for a claim of actual innocence.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the petitioner's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, **(Doc. No. 2)**, be **GRANTED**; and

**(2)** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

                                            *s/ Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States Magistrate Judge**

**Date:** July 15, 2011

O:\shared\REPORTS\2011 Reports\11-0837-01.wpd